UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA,
*ex. rel.* LINDA LEWIS, *et al.* PLAINTIFFS

v. CIVIL ACTION NO. 3:09-CV-00927

BULLITT COUNTY PUBLIC
SCHOOLS, *et al.* DEFENDANTS

## **MEMORANDUM OPINION**

This matter is before the court on the defendants' motion to dismiss (DN 29). For the reasons stated herein, that motion will be granted.

This is a *qui tam* action brought under the False Claims Act, 31 U.S.C. § 3730 by five relators, including Linda Lewis. On June 21, 2011, Lewis passed away (*see* DN 27).

On June 27, 2011, the United States filed a notice of its decision not to intervene in the action. Subsequently, on July 15, 2011, this court entered an order unsealing the complaint. By a separate order entered that same day, this court ordered that the case be held in abeyance so that counsel for the relators could discuss with Lewis's estate whether it intended to pursue the action.

On February 16, 2012, the four relators other than Lewis moved to voluntarily dismiss their claims against the defendants. In that same motion, counsel for the relators moved to withdraw as counsel. He advised the court that he had been unsuccessful in receiving a response from the administrator or three heirs of Lewis's estate as to whether to the estate wished to pursue the *qui tam* action. He further stated that a copy of the motion to dismiss and to withdraw

as counsel was being provided to the administrator, the three heirs, and counsel for the estate. The United States filed papers consenting to dismissal of the action without prejudice to the United States. On March 2, 2012, this court granted the motion, dismissed without prejudice the claims of the four relators other than Lewis, and ordered that counsel for the relators was withdrawn as counsel of record for Lewis and her estate.

Now pending before the court is a motion of the defendants to dismiss the action. The defendants note that Rule 25(a)(1) of the Federal Rules of Civil Procedure mandates that an action by a deceased must be dismissed if a motion for substitution of the proper party is not made within 90 days of service of a statement noting the death. The defendants also point out that this court unsealed the complaint on July 15, 2011, and Rule 4(m) requires service of a complaint on a defendant within 120 days after the complaint is filed. The defendants argue that those rules indicate that the Federal Rules contemplate time limits on the amount of time a plaintiff has to decide whether to pursue a case. Here, the defendants contend, Lewis's estate has been provided a reasonable amount of time to make its decision, and yet it has taken no action. Thus, the defendants urge this court to dismiss the action. The United States consents to dismissal, so long as the order of dismissal is without prejudice, at least to the United States.

The defendants' motion to dismiss will be granted and the action will be dismissed without prejudice. As the defendants point out, Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, it was approximately six months between the date this court ordered the case held in abeyance so that counsel for the relators could consult with the representatives of Lewis's estate to find out if the estate intended to pursue Lewis's claims and the date that counsel moved to withdraw because he never received any response from the estate. Moreover, it has been more than 90 days since counsel filed that motion to withdraw, which counsel stated he was providing to the estate. In total, it has been over nine months since this court held the case in abeyance for the estate to make its decision as to whether to pursue Lewis's claims. As the estate–which is apparently represented by an attorney (*see* DN 26 at 2)–has yet to notify counsel for the relators or this court that it intends to proceed with the claims, this court finds it appropriate to grant the defendants' motion to dismiss, and to dismiss Lewis's claims without prejudice.

A separate order will issue in accordance with this opinion.

June 1, 2012

Charles R. Simpson III, Judge
United States District Court

D03